UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO D. TORRES,

                              Plaintiff,

              v.                                                  No. 18-CV-8706 (KMK)

DETECTIVE ROBERT VASTA, *et al.*,                        <u>OPINION & ORDER</u>

                              Defendants.

---

<u>Appearances</u>:

Ricardo D. Torres
Collins, NY
*Pro Se Plaintiff*

David Lewis Posner, Esq.
McCabe & Mack LLP
Poughkeepsie, NY
*Counsel for Defendant Vasta*

Kellie Lagitch, Esq.
Office of the Orange County Attorney
White Plains, NY
*Counsel for Defendant Orange County*

KENNETH M. KARAS, United States District Judge:

      Ricardo D. Torres ("Plaintiff") brings this pro se Action, pursuant to 42 U.S.C. § 1983,

against Detective Robert Vasta ("Vasta") and the County of Orange ("Orange County")

(collectively, "Defendants").[1]  Plaintiff alleges that he was stopped, searched, and detained

---

[1] Plaintiff additionally named as a Defendant the City of Newburgh Police Department; however, this Defendant was dismissed prior to service because police departments are non-suable entities.  (Order of Service (Dkt. No. 8).)  *See Omnipoint Comm'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do

without probable cause and without a warrant, in violation of his constitutional rights.  (*See generally* Compl. (Dkt. No. 2).)  Before the Court are Defendants' Motions To Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Vasta Not. of Mot. (Dkt. No. 22); Orange County Not. of Mot. (Dkt. No. 35).)  For the following reasons, Orange County's Motion is granted and Vasta's Motion is granted in part and denied in part.

## I.  Background

### A.  Factual History

The following allegations are drawn from the Complaint, and from Plaintiff's opposition to Defendants' Motions, (Pl.'s Mem. of Law in Opp'n to Vasta Mot. ("Pl.'s Vasta Mem.") (Dkt. No. 30); Pl.'s Mem. of Law in Opp'n to Orange County Mot. ("Pl.'s Orange County Mem.") (Dkt. No. 42)), and are taken as true for the purpose of resolving the instant Motions.

Plaintiff alleges that on March 21, 2018 at 1:45 p.m., he was "stopped and detained without any probable cause" while he was walking down a city block in Newburgh, New York with several grocery bags.  (Compl. 3)[2]  Defendant Vasta approached Plaintiff "via an unmarked police vehicle," ordered him to stop, and proceeded to search his person.  (*Id.*)  There were five other "back up patrol units summoned" during the stop.  (*Id.*)  Vasta questioned Plaintiff about the grocery bags, and he was "cleared by dispatch that the food wasn't stolen or reported stolen."  (*Id.*)  Next, Vasta questioned Plaintiff about a handgun of which he "had no knowledge."  (*Id.*)  Vasta proceeded to search Plaintiff's pockets, "opening [his] wallets and proceed[ing] to search

---

not have a legal identity separate and apart from the municipality and cannot sue or be sued." (citations omitted)); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

[2] Because the Complaint is not consecutively paginated, the Court cites to the ECF-generated page numbers at the upper right corner of each page.

the contents illegally." (*Id.*) Plaintiff was taken into custody by the Newburgh Police Department, and Vasta confiscated gift cards and prepaid debit cards from Plaintiff's wallet, a baseball cap, and the winter jacket Plaintiff was wearing; he never received a voucher or receipt for these items. (*Id.*) Vasta told Plaintiff that if he did not cooperate, Vasta would call Plaintiff's probation officer. (*Id.*) After turning over these items, Plaintiff was released from custody. (*Id.*)

Approximately three weeks later, Plaintiff was "brought to court" on an arrest warrant obtained by Vasta. (*Id.* at 4.) Plaintiff is currently detained pursuant to this warrant "along with other charges and [a] pending parole violation." (*Id.*) The Complaint alleges that "all charges" against Plaintiff were dismissed on September 14, 2018. (*Id.* at 6.) In his response to Vasta's Motion, Plaintiff clarifies that Plaintiff pled guilty to felony charges in Orange County Court, and that as part of his plea deal his pending charges in Newburgh were dismissed as "cover[ed]" by his plea. (*See* Pl.'s Vasta Mem. 2.)[3] Plaintiff asserts that he suffered no physical injuries, but suffers from "mental health issues, mental stress, anguish, post [traumatic] stress disorder, headaches, loss of sleep[,] . . . and anxiety." (Compl. 4.) Plaintiff seeks a total of $3,500,000 in compensation. (*Id.* at 6.)

B.  Procedural History

Plaintiff initiated this Action on September 21, 2018. (Compl. (Dkt. No. 2).) On October 5, 2018, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"). (Dkt. No. 6.)

On January 15, 2019, Vasta filed a Motion To Dismiss. (Vasta Not. of Mot.; Vasta Mem. of Law in Supp. of Mot. ("Vasta Mem.") (Dkt. No. 24); Vasta Aff. in Supp. of Mot. ("Vasta Aff.") (Dkt. No. 23).) Plaintiff filed a response on January 25, 2019. (Pl.'s Vasta Mem.) On

---

[3] Because Plaintiff's Opposition to Vasta's Motion lacks pagination, the Court cites to the ECF-generated page numbers at the upper right corner of each page.

February 22, 2019, Orange County filed a Motion To Dismiss.  (Orange County Not. of Mot.;

Orange County Mem. of Law in Supp. of Mot. ("Orange County Mem.") (Dkt. No. 37); Orange

County Decl. in Supp. of Mot. ("Orange County Decl.") (Dkt. No. 36).)  Plaintiff filed a

response on March 19, 2019.  (Pl.'s Orange County Mem.)  Vasta filed his reply on March 14,

2019.  (Vasta Reply in Further Supp. of Mot. ("Vasta Reply") (Dkt. No. 43).)  Plaintiff then filed

two additional Memoranda of Law, one on March 19, 2019 that appears to oppose Vasta's

Motion, and one on April 4, 2019 that responds to arguments in Orange County's Motion.  (*See*

Pl.'s First Suppl. Mem. of Law ("Pl.'s First Suppl. Mem.") (Dkt. No. 46); Pl.'s Second Suppl.

Mem. of Law ("Pl.'s Second Suppl. Mem.") (Dkt. No. 51).)  Defendant Vasta requested that the

Court strike these untimely submissions, and the Court granted the request on March 20, 2019.

(Dkt. No. 48.)  Orange County filed a reply on April 12, 2019.  (Orange County Reply in Further

Supp. of Mot. ("Orange County Reply") (Dkt. No. 55).)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that, while a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations, quotation marks, and alterations omitted).  Indeed, Rule 8 of the Federal Rules of Civil

Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked

assertions devoid of further factual enhancement."  *Id.* (quotation marks and alteration omitted).

Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal

treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, as relevant here, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted).

B. Analysis

Construed liberally, Plaintiff's Complaint asserts claims for false arrest, malicious prosecution, and unlawful search and seizure. (*See generally* Compl.) Orange County argues that Plaintiff failed to sufficiently plead municipal liability, and both Defendants argue that he has failed to state any claim. (*See* Orange County Mem. 4–9; Vasta Mem. 3–6.) The Court addresses each argument separately to the extent necessary.

### 1. *Monell* Claims

Orange County argues that Plaintiff fails to state any claim against it because he fails to allege that a custom or policy of Orange County caused a violation of his constitutional rights. (Orange County Mem. 4–6.) "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (holding that a municipality may not be liable under § 1983 "by application of the doctrine of respondeat superior" (citation and italics omitted)). That is, "municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right." *Newton v. City of New York*, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008). Therefore, "to prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell*, 436 U.S. at 690–691). The fifth element reflects the notion that a *Monell* defendant "may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citation omitted). A plaintiff may satisfy the fifth element by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted).

Here, Plaintiff fails to allege the fifth element required to state a *Monell* claim. The Complaint is devoid of allegations from which the Court could infer that any alleged constitutional violations were caused by a municipal policy or custom. Plaintiff has not alleged that there was an official policy endorsed by Orange County that led to the violation of Plaintiff's constitutional rights, or that Vasta, the only individual employee involved in the misconduct alleged, possessed policymaking authority such that his conduct alone could establish *Monell* liability. *See Mejia v. N.Y.C. Health & Hosps. Corp.*, No. 16-CV-9706, 2018 WL 3442977, at *13 (S.D.N.Y. July 17, 2018) ("Where the contention is not that the defendants' actions were taken pursuant to a formal policy, but rather that they were taken or caused by an official whose decisions represent official policy, the court must determine whether that official had final policymaking authority in the particular area involved." (quoting *Jeffes v. Barnes*, 208 F.3d 49, 57–58 (2d Cir. 2000))); *Allen v. City of New York*, No. 03-CV-2829, 2007 WL 24796, at *19 (S.D.N.Y. Jan. 3, 2007) (noting that to establish *Monell* liability based on individual conduct, "the challenged action must have been undertaken by an authorized 'final policymaker'" (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988))); *see also Hurley v. Town of Southampton*, No. 17-CV-5543, 2018 WL 3941944, at *21 (E.D.N.Y. Aug. 13, 2018) ("A plaintiff bears the burden of establishing an official's status as a final policymaker with proof of the official's scope of employment and his role within the municipal or corporate organization." (citation and quotation marks omitted)).[4] Plaintiff also does not allege that Vasta or any other official acted pursuant to a practice so consistent and widespread that it essentially constitutes a custom or usage of which a supervising policymaker must have been aware; rather, Plaintiff's

_____

[4] Indeed, Plaintiff does not even allege that Vasta is an Orange County employee.

8

allegations are confined to his own treatment, thus dooming this claim. *See Mejia*, 2018 WL 3442977, at *12 (dismissing *Monell* claim against municipal hospital where the plaintiff "alleges no facts regarding any conduct by the hospital in connection with any other patient," addressing only "his own brief stay at the hospital"); *Walker v. City of New York*, 63 F. Supp. 3d 301, 312 (E.D.N.Y. 2014) ("[The] [p]laintiffs have not identified any additional, similar examples of unconstitutional practices beyond the events they complain of here."). Nor does he make any allegation in the Complaint that Orange County failed to train its employees properly, also undercutting his claim. *See White v. Westchester County*, No. 18-CV-730, 2018 WL 6726555, at *12 (S.D.N.Y. Dec. 21, 2018) (dismissing *Monell* claim on failure to train theory where the plaintiff "does not point to the existence of any formal or informal training program").

Even if the Court were to consider Plaintiff's untimely Memoranda, his *Monell* claim still fails. In his Second Supplemental Memorandum, Plaintiff alleges that the Orange County District Attorney's Office engages in a "common practice and custom" of offering individuals charged with crimes a low sentence in exchange for taking a plea deal to avoid the risks of going to trial. (Pl.'s Second Suppl. Mem. 8.)[5] However, this practice does not violate the Constitution, and therefore does not satisfy the second element of a *Monell* claim, *see Brady v. United States*, 397 U.S. 742, 749–58 (1970) (holding that guilty pleas, voluntarily and intelligently made, are not invalid merely because the defendant sought to evade a harsher sentence by going to trial), and in any event the allegation is too conclusory to establish a municipal policy or custom, as Plaintiff includes no factual allegations supporting an inference that such a "common practice and custom" existed, *see Maynard v. City of New York*, No. 13-CV-3412, 2013 WL 6667681, at

---

[5] For ease of reference, the Court cites to the ECF-generated page numbers at the upper right corner of each page.

*4 (S.D.N.Y. Dec. 17, 2013) ("Conclusory allegations that there was such a policy or custom, without identifying or alleging supporting facts, is insufficient to state a claim." (citations omitted)); *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 539–40 (S.D.N.Y. 2012) (dismissing *Monell* claim where the plaintiff "merely alleged that the [t]own failed to train its employees, without providing any supporting factual detail about alleged deficiencies in the training program"); *Bradley v. City of New York*, No. 08-CV-l106, 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009) ("The [c]omplaint's conclusory, boilerplate language—that the [c]ity failed to adequately train, discipline, and supervise employees and failed to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior of its employees—is insufficient to raise an inference of the existence of a custom or policy." (citation, alterations, and quotation marks omitted)).

Plaintiff also asserts that Vasta "has a number of federal suits brought against him for several constitutional violations when executing arrests," but that he "goes without discipline because the civil suits are dismissed due to most people not knowing how to follow through [o]n th[eir] complaints against him." (Pl.'s Second Suppl. Mem. 8.) The Second Circuit has held that "*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *18 (S.D.N.Y. Mar. 26, 2015) (citing *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007)); *see also Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) ("A § 1983 plaintiff injured by a [municipal] officer may establish the pertinent custom or policy by showing that the municipality, alerted to the possible use of excessive force by its . . . officers, exhibited deliberate indifference." (citations omitted)).

However, in order for prior lawsuits to establish municipal liability under *Monell*, they must have resulted in an adjudication of liability. *See Alwan v. City of New York*, 311 F. Supp. 3d 570, 584 (E.D.N.Y. 2018) ("To the extent the complaints . . . were found to be unsubstantiated or were settled without an admission of liability by the [municipality], those complaints do not provide a valid basis for concluding that the [municipality] was deliberately indifferent to [Defendants'] use of excessive force, because they do not, by themselves, establish that [they] used excessive force in the first place." (citation omitted)); *see also Falls v. Campbell*, No. 17-CV-35, 2019 WL 1255768, at *6 (S.D.N.Y. Mar. 19, 2019) (holding that the plaintiff failed to establish municipal liability by citing prior lawsuits where "neither resulted in an adjudication of liability").

Plaintiff not only does not identify any specific lawsuit against Vasta; he explicitly asserts that the lawsuits against him were all dismissed. (*See* Pl.'s Second Suppl. Mem. 8.) Furthermore, as noted above, Plaintiff has not alleged that Vasta is an Orange County employee such that knowledge of his alleged misconduct based on these lawsuits could be imputed to Orange County. Plaintiff therefore fails to establish municipal liability based on failure to address any misconduct raised in prior lawsuits against Vasta. *See Pryor v. City of New York*, No. 16-CV-8232, 2018 WL 4538904, at *4 (S.D.N.Y. Sept. 21, 2018) ("[R]eference to other cases involving allegedly similar unlawful conduct without any allegations as to the ultimate disposition of those lawsuits is insufficient to allege a practice so widespread and persistent as to amount to a policy or custom of the [municipality]."); *Tieman*, 2015 WL 1379652, at *17 (dismissing excessive force claims against municipality under *Monell* where the plaintiff identified prior lawsuits against the city, and noting that "even if the civil complaints involved comparable conduct to that alleged here, none resulted in an adjudication of liability" (citation,

alteration, and quotation marks omitted)).  Plaintiff's claims against Orange County are therefore dismissed.

### 2.  False Arrest and Malicious Prosecution Claims

Both Vasta and Orange County argue that Plaintiff fails to state a false arrest or malicious prosecution claim because public records establish that Plaintiff's criminal proceedings did not result in favorable termination, an element of both claims.  (Orange County Mem. 6–8; Vasta Mem. 3–5.)

### a.  Malicious Prosecution

"To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against [the] plaintiff; (2) termination of the proceeding in [the] plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for [the] defendant's actions."  *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations and quotation marks omitted); *see also Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (same).  In order to satisfy the "favorable termination" element of a federal malicious proceeding claim, a plaintiff must "adequately plead that the termination of the prosecutions against him affirmatively indicated his innocence."  *Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018).

Here, Plaintiff cannot demonstrate that criminal proceedings terminated in his favor (as required to state a malicious prosecution claim), because according to both his own allegations and judicially-noticeable documents, the charges against Plaintiff were dismissed pursuant to a plea on one of the charges.  (*See* Pl.'s Vasta Mem.2 (explaining that "[o]nce [P]laintiff took the plea offer in Orange County County Court[,] the City of Newburgh Judge withdr[ew] my granted [s]uppression hearing and dismissed the City of Newburgh Charges to cover the Orange County

felony charges"); Orange County Decl. Ex. B ("Plea Tr.") 3–4 (observing that Plaintiff's felony

plea in Orange County Court will "cover two misdemeanor cases that you presently have

pending in the City of Newburgh"); *see also* Orange County Decl. Ex. D ("Newburgh Certificate

of Disposition").)[6] "A termination is not favorable to the accused if the charge is withdrawn or

the prosecution abandoned pursuant to a compromise with the accused.  Indeed, it is hornbook

law that where charges are withdrawn or the prosecution is terminated by reason of a

compromise into which the accused has entered voluntarily, there is no sufficient termination in

favor of the accused."  *Poventud v. City of New York*, 750 F.3d 121, 131 (2d Cir. 2014) (citation,

alterations, and quotation marks omitted); *see also Rothstein v. Carriere*, 373 F.3d 275, 286–87

(2d Cir. 2004*)* ("A termination is not favorable to the accused . . . if the charge is withdrawn or

the prosecution abandoned pursuant to a compromise with the accused." (citation omitted)).

"Moreover, if a charge is 'covered' under a separate indictment, a guilty plea as to that

indictment is tantamount to a guilty plea as to the charging indictment."  *Vasquez v. Reilly*, No.

15-CV-9528, 2018 WL 2768648, at *8 (S.D.N.Y. June 8, 2018) (citation and quotation marks

omitted); *see also Fate v. Charles*, 24 F. Supp. 3d 337, 342 n.3 (S.D.N.Y. 2014) (same);

---

[6] The Court may take judicial notice of statements made during Plaintiff's plea hearing and his Certificate of Disposition, not for their truth but for their legal effect. *See John v. Lewis*, No. 15-CV-5346, 2017 WL 1208428, at *5 & n.11 (E.D.N.Y. Mar. 31, 2017) (taking judicial notice of statements made during the plaintiff's plea hearing "not for the truth of the matters asserted in them, but only to establish their existence and legal effect," and noting that the court's conclusion that the plaintiff's plea was in satisfaction of all charges, resulting in dismissal of two separating pending criminal matters, were "established by the mere existence and legal effect of the Indictment and the Certificates of Disposition"); *Parker v. Cummings*, No. 13-CV-3151, 2014 WL 2946144, at *3 (S.D.N.Y. June 30, 2014) ("The Court may take judicial notice of [the plaintiff's plea] transcript and the sentencing disposition because they are matters of public record."); *Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("Here, the Court finds it proper to take judicial notice of plaintiff's guilty plea, conviction, and sentencing as a matter of public record without converting [the] defendant's motion to one for summary judgment.").

*Magnotta v. Putnam Cty. Sheriff*, No. 13-CV-2752, 2014 WL 705281, at \*6 (S.D.N.Y. Feb. 24, 2014) ("A guilty plea, even if it was a plea to fewer than all the charges, does not satisfy the 'favorable' termination element of a malicious prosecution claim." (citations omitted)). Finally, even absent a conviction, a plaintiff must plead that any dismissed charges were dismissed in a manner that "affirmatively indicate[s] his innocence" to survive a motion to dismiss. *Lanning*, 908 F.3d at 28 (affirming dismissal of malicious prosecution claim where the plaintiff merely "alleged that the charges against him 'were dismissed' at some point after a jury trial, without specifying how or on what grounds"). Because Plaintiff not only failed to plead that charges against him were dismissed in a manner that affirmatively indicates his innocence, but in fact asserted in his response to the Motions that they were dismissed pursuant to his guilty plea, his malicious prosecution claim fails. *See Wheeler v. Buckley*, No. 16-CV-7441, 2019 WL 2024005, at \*9 (S.D.N.Y. May 7, 2019) (dismissing malicious prosecution claim where the plaintiff did not expressly allege that the prior proceeding terminated in his favor).

### b. False Arrest

"A [§] 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) (citation and quotation marks omitted). "To prevail, a plaintiff must prove four elements: (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not contest the confinement[,] and (4) the confinement was not otherwise privileged." *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 203 (E.D.N.Y. 2014) (citation and quotation marks omitted). Probable cause is a complete defense to an action for false arrest, *see Simpson*, 793 F.3d at 265, and "a conviction for the offense which precipitated the arrest is definitive evidence of probable cause," *Jean-Laurent v. Cornelius*, No. 15-CV-2217, 2017 WL

933100, at *4 (S.D.N.Y. Mar. 8, 2017) (citation omitted); *see also Phelan v. Sullivan*, 541 F. App'x 21, 23 (2d Cir. 2013) ("A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested." (citation omitted)); *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[A] conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause." (citation omitted)); *Clark v. City of New York*, No. 16-CV-7744, 2018 WL 4372671, at *4 (S.D.N.Y. Sept. 13, 2018) ("A conviction of the crime for which an[] individual is arrested bars recovery for false arrest or malicious prosecution." (citing *Cameron*, 806 F.2d at 387)); *Hudson v. County of Dutchess*, No. 12-CV-5548, 2015 WL 7288657, at *11 (S.D.N.Y. Nov. 16, 2015) (collecting cases). This is true even where, as here, a plaintiff was convicted of only one of the offenses with which he was initially charged. *See O'Donnell v. Card*, No. 11-CV-3297, 2013 WL 3929632, at *4 (S.D.N.Y. July 30, 2013) ("[R]egardless of whether probable cause supported any individual charge identified by the defendant, a plaintiff cannot recover [for a false arrest claim] where the arrest resulted in a valid conviction." (citing *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006))). Additionally, "[w]here an individual's arrest is effectuated pursuant to a warrant, there can be no claim for false arrest or unlawful imprisonment." *Little v. City of New York*, 487 F. Supp. 2d 426, 439 (S.D.N.Y. 2007) (citations omitted).

Because Plaintiff pled guilty pursuant to a plea deal in connection with his arrest that covered multiple charges, Plaintiff's valid conviction conclusively establishes that he cannot allege the elements necessary to make out either a false arrest or malicious prosecution claim relating to his arrest and prosecution. Furthermore, Plaintiff's allegation that he was arrested by Vasta pursuant to a warrant, and the absence of any allegations suggesting that warrant was in any way deficient, dooms his false arrest claim. (*See* Compl. 4.) Accordingly, Plaintiff's false

arrest claim based on his arrest by Vasta three weeks after his initial stop is dismissed. *See*

*Cameron*, 806 F.2d at 388–89 (affirming dismissal of false arrest claim where the plaintiff was

"convicted of the offense for which he was arrested"); *Koltun v. Berry*, No. 13-CV-1612, 2016

WL 6601558, at *4 (S.D.N.Y. Nov. 7, 2016) ("[The plaintiff] has been convicted and sentenced

in the underlying criminal case in state court. Therefore, he cannot maintain a cause of action for

false arrest."), *adopted by* No. 13-CV-1612, 2017 WL 476693 (S.D.N.Y. Feb. 3, 2017); *Little*,

487 F. Supp. 2d at 439 (holding that the "plaintiff's false arrest claim . . . cannot survive because

[the] plaintiff's arrest was effectuated pursuant to a warrant").[7]

However, the Court finds that Plaintiff has stated a false arrest claim with respect to

Vasta's March 21, 2018 stop of Plaintiff, for which he allegedly lacked probable cause or a

warrant. "An arrest need not be formal; it may occur even if the formal words of arrest have not

been spoken provided that the subject is restrained and his freedom of movement is restricted."

*Posr v. Doherty*, 944 F.2d 91, 98 (2d Cir. 1991). "Confinement that is not part of a formal arrest

may give rise to a claim under § 1983." *Williams v. County of Nassau*, No. 10-CV-4815, 2014

WL 4101545, at *6 (E.D.N.Y. Aug. 18, 2014) (citation omitted). The Court cannot determine as

a matter of law from the limited allegations in the Complaint, or the judicially-noticeable

documents submitted by Defendants, that the charges disposed of pursuant to Plaintiff's guilty

plea arose out of Plaintiff's detention on March 21, 2018. Construed liberally, Plaintiff alleges

---

[7] Although not raised by Defendants, the Court notes that Plaintiff's false arrest and malicious prosecution claims are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487; *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (holding barred by *Heck* § 1983 claims for false arrest, false imprisonment, and malicious prosecution where the plaintiff "has not demonstrated that his conviction has been invalidated in any manner"); *Younger v. City of New York*, 480 F.Supp.2d 723, 730 (S.D.N.Y. 2007) (holding that the plaintiff's false arrest, false imprisonment, and malicious prosecution claims were barred by his plea of guilty pursuant to *Heck*).

that he was stopped for carrying grocery bags, questioned about a gun, searched and ordered to turn over the contents of his wallets, and temporarily detained at the Newburgh Police Station, all without probable cause or a warrant. (*See* Compl. 3.) Next, Plaintiff alleges that he was brought to court three weeks later on a warrant for two criminal charges as well as "other charges and [a] pending parole violation." (*Id.* at 4.) Drawing all inferences in Plaintiff's favor, it is not indisputably clear from these allegations that Plaintiff's lawful arrest was related to his detention on March 21, 2018; the sole commonality is that both involved Vasta. The Court therefore agrees with Plaintiff that "a viable false arrest claim" has been stated with respect to the stop, search, and detention of Plaintiff on March 21, 2018. *See Stratton v. Russell*, No. 13-CV-520, 2017 WL 1184191, at \*5–6 (N.D.N.Y. Mar. 29, 2017) (denying summary judgment on false arrest claim because "[a]t the point at which [the] [d]efendant apprehended [the] [p]laintiff . . . , the undisputed facts indicate that [the] [d]efendant did not know [the] [p]laintiff" had committed any crime); *Williams*, 2014 WL 4101545, at \*6 (declining to dismiss "residual false arrest claim based on the seizure of [the] [p]laintiff's person" prior to his formal arrest).

### 3. Unlawful Search and Seizure

Plaintiff alleges that he was stopped without probable cause, that his person was searched, and that his possessions were unlawfully confiscated and never returned. (Compl. 3.) Vasta argues that "[i]f the [C]omplaint seeks relief based upon a claim that Vasta's search was illegal, he is entitled to no recovery as he was not injured during the search," and that he cannot recover for the arrest, prosecution, or subsequent incarceration resulting from his arrest because suppression of the evidence in his criminal trial was his sole remedy. (Vasta Mem. 5.)

"The Fourth Amendment forbids 'unreasonable searches and seizures' of a person's 'papers[ ] and effects' and requires that any search warrant be supported by 'probable cause.'"

*Gudema v. Nassau County*, 163 F.3d 717, 721 (2d Cir. 1998) (quoting U.S. Const. amend. IV).

"Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999). Vasta is therefore correct that Plaintiff may not recover for his prosecution and incarceration based on the unlawful search and seizure because his guilty plea serves as an intervening cause of his incarceration. *See id.* at 149 (affirming dismissal of unlawful search and seizure claim seeking damages for incarceration in the absence of facts supporting a malicious prosecution or false arrest claim); *McCord v. City of New York*, No. 13-CV-2008, 2014 WL 2567108, at *3 (S.D.N.Y. June 6, 2014) ("Because '[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all,' the Second Circuit has held that a § 1983 plaintiff alleging an unlawful search or seizure may not recover compensatory damages stemming from his arrest or incarceration." (quoting *Townes*, 176 F.3d at 147–48)). Nevertheless, Plaintiff, if he prevails, may be entitled to nominal or punitive damages. *See Townes*, 176 F.3d at 149 (noting that the plaintiff's "only possible damage claim would be limited to the brief invasion of privacy related to the seizure and initial search of his person"); *McCord*, 2014 WL 2567108, at *3 ("[I]f Plaintiff fails to demonstrate compensable injury, punitive or nominal damages may still be available for any Fourth Amendment violation that he succeeds in proving." (citations omitted)); *Hayes v. Perotta*, 751 F. Supp. 2d 597, 604 (S.D.N.Y. 2010) ("[E]ven if [the] [p]laintiff cannot prevail from a [search and seizure] claim based on his conviction, he may still attempt to recover damages from the loss of privacy and/or property from the search."); *see also Irish Lesbian &*

*Gay Org. v. Giuliani*, 143 F.3d 638, 651 (2d Cir. 1998) ("Although [the plaintiff] did not specifically request nominal damages in its pleadings, we have not precluded the award of nominal damages . . . if the complaint explicitly sought compensatory damages.").

"[S]earches and seizures conducted without warrants are presumptively unreasonable." *Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. 1991). Nothing alleged in the Complaint suggests that Plaintiff was stopped and searched pursuant to a warrant or probable cause that he had committed a crime, and Vasta does not attempt to argue otherwise. Instead, he argues that Plaintiff consented to the search because Vasta threatened to have Plaintiff's parole officer cite him for a parole violation. (*See* Vasta Mem. 5.) The Court declines to construe Plaintiff's Complaint as alleging that he consented to the search, particularly in light of the fact that Plaintiff alleges that Vasta threatened to report Plaintiff to his parole officer *after* he had searched Plaintiff's pockets, person, and wallets. (*See* Compl. 3.) Because Vasta makes no other argument with respect to whether the stop and search of Plaintiff was justified, his Motion To Dismiss this claim is denied. *McCord*, 2014 WL 2567108, at *3 (denying motion to dismiss search and seizure claim as "premature" because "the [c]ourt [could not] conclusively hold that [the] [p]laintiff will be unable to prove properly recoverable damages"); *Gannon v. City of New York*, 917 F. Supp. 2d 241, 244 (S.D.N.Y. 2013) (declining to dismiss search and seizure claim "[i]n an abundance of caution" based on two-hour detention prior to illegal search); *Hayes*, 751 F. Supp. 2d at 604 (granting motion to dismiss Fourth Amendment claim "to the extent it bars [the] [p]laintiff from seeking damages from his conviction and incarceration, which allegedly

followed the unlawful search," but denying the motion "to the extent that [the] [p]laintiff may still pursue his Fourth Amendment claim and seek damages from the search itself").[8]

### 4.  State Law Claims

To the extent Plaintiff sought to bring state law claims against either Orange County or Vasta, those claims fail for failure to file a notice of claim.  Under New York law, "as a condition precedent to bringing a claim against a municipality, a plaintiff must file a notice of claim within 90 days after her claim accrues."  *Russell v. Westchester Cmty. Coll.*, No. 16-CV-1712, 2017 WL 4326545, at *5 (S.D.N.Y. Sept. 27, 2017) (citing N.Y. Gen. Mun. Law § 50-e(1)(a)); *see also* N.Y. Gen. Mun. Law § 50-k(6) ("No action . . . shall be prosecuted or maintained against the city . . . or any employee . . . unless notice of claim shall have been made and served upon the city . . . ."); *Olsen v. County of Nassau*, No. 05-CV-3623, 2008 WL 4838705, at *1 (E.D.N.Y. Nov. 4, 2008) ("As a 'condition precedent' to commencing a tort action against New York municipalities, or any of their officers, agents, or employees, New York General Municipal Law § 50-e requires plaintiffs to file a notice of claim within ninety days after the claim arises." (citation omitted)).  This rule applies in federal court because "[s]tate claims brought under state law in federal court are subject to state procedural rules."  *Russell*, 2017 WL 4326545, at *5  (citation omitted).  "Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice."  *Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2006

---

[8] The Court also notes that Plaintiff may be entitled to damages for confiscated property that was never returned.  "It is well settled that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner."  *United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997) (citation and quotation marks omitted).  Should Plaintiff choose to amend his complaint, he may assert a procedural due process claim for the failure to return any seized belongings that were not contraband, and he should specify who prevented him from having his property returned and by what means.

WL 1234971, at *5 (S.D.N.Y. May 8, 2006) (footnote omitted). Further, "the burden is on [the plaintiff] to demonstrate compliance with the notice of claim requirements." *Peritz v. Nassau County Bd. of Coop. Educ. Servs.*, No. 16-CV-5478, 2019 WL 2410816, at *4 (E.D.N.Y. June 7, 2019) (citations omitted); *see also Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013) ("To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed." (citing, inter alia, N.Y. Gen. Mun. Law § 50-i(1)(b)).

Because Plaintiff failed to affirmatively plead that he filed a notice of claim with respect to any state law claims, those claims are dismissed. *See El v. City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *8 (S.D.N.Y. Apr. 23, 2015) ("Absent a showing of such a notice of claim, the complaint may be dismissed for failure to state a cause of action." (citation and quotation marks omitted)); *Naples*, 972 F. Supp. 2d at 390 (dismissing state law claims against municipality where "the Amended Complaint is void of any allegation that a notice of claim was filed prior to the commencement of [the] action").

## III. Conclusion

For the foregoing reasons, Orange County's Motion To Dismiss is granted, and Vasta's Motion To Dismiss is granted in part and denied in part. All claims against Orange County are dismissed, as are Plaintiff's false arrest and malicious prosecution clams based on his formal arrest and prosecution. Plaintiff's search and seizure claim and his false arrest claim against Vasta based on the March 21, 2018 stop survive. The dismissals are *without* prejudice. Plaintiff may file an amended complaint with the Court within 30 days of the date of this Opinion. Plaintiff should include within that amended complaint all changes to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider. Plaintiff is further advised that the amended complaint will completely replace, not supplement, the instant Complaint. The

amended complaint must contain all of the claims, defendants, and factual allegations that
Plaintiffs wish the Court to consider. If Plaintiff wishes to bring claims against the City of
Newburgh, in lieu of the Newburgh Police Department, he should name Newburgh as a
defendant in his amended complaint and include allegations suggesting that his constitutional
rights were violated pursuant to a policy or custom of the City of Newburgh, applying the
standard the Court set forth in this Opinion in dismissing Plaintiff's claims against Orange
County. *See supra* Section II.B.1. If Plaintiff fails to abide by the 30-day deadline, the claims
dismissed without prejudice may be dismissed *with* prejudice, and Plaintiff's case will go
forward only on his surviving claims against Vasta.

The Clerk of the Court is respectfully requested to terminate the pending Motions, (Dkt.
Nos. 22, 35), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

DATED: September 23 , 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE