UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO D. TORRES,

                Plaintiff,

       v.

DETECTIVE ROBERT VASTA,

                Defendant.

No. 18-CV-8706 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Ricardo D. Torres ("Plaintiff") brings this pro se Action under 42 U.S.C. § 1983, alleging that on March 25, 2018, he was stopped and searched without probable cause by Defendant Robert Vasta ("Vasta") while walking down a city block in Newburgh, New York, and subsequently detained on a warrant filed by Vasta, in violation of his constitutional rights. (*See* Compl. 3 (Dkt. No. 2).) Plaintiff seeks compensatory and injunctive relief. (*Id.* at 6.) By order dated October 5, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis. (Dkt. No. 6.)

On January 15, 2019, Vasta filed a Motion To Dismiss, (Dkt. Nos. 23–24), and on February 22, 2019, Defendant Orange County ("Orange County") filed a Motion To Dismiss, (Dkt. Nos. 36–37). In a letter docketed April 9, 2019, Plaintiff requested that the Court appoint pro bono counsel on his behalf. (Dkt. No. 53.) The Court denied Plaintiff's request without prejudice on April 11, 2019. (Dkt. No. 54.)

On September 24, 2019, the Court granted Orange County's Motion To Dismiss and granted in part and denied in part Vasta's Motion To Dismiss. (Dkt. No. 57.) The Court's dismissal of Plaintiff's claims against Orange County and Vasta was without prejudice, and Plaintiff's search and seizure and false arrest claims against Vasta survived. (*See id.*) Plaintiff

informed the Court in a letter docketed October 22, 2019 that he would not amend his Complaint, thus pursuing only his claims of unlawful search and seizure and false arrest against Vasta. (Dkt. No. 61.) The Court scheduled an initial conference for January 9, 2020 at 11:30 a.m. (Dkt. No. 63.)

On November 27, 2019, Plaintiff renewed his request that the Court appoint pro bono counsel on his behalf. (*See* Pl.'s Application for Appointment of Pro Bono Counsel ("Application") (Dkt. No. 64).) For the following reasons, Plaintiff's request is again denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Regarding the first prong of the two-step inquiry outlined in *Hodge*, for the purposes of the instant request for appointment of counsel, the Court construes Plaintiff's Complaint with respect to the false arrest and search and seizure claims against Vasta liberally and assumes that his Complaint has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (quotation marks omitted). Turning to the second inquiry regarding prudential factors, however, the Court finds that appointment of counsel is not warranted at this time.

3

Plaintiff seeks assistance with "th[e] Court['s] most recent[ly] granted Opinion and Order" and for the "scheduled hearing dated January 9, 2020 on the surviving issues of th[e] matter." (Application 1.) However, there are no deadlines currently pending in this matter that an attorney could assist Plaintiff with, and an attorney would not be necessary for the status conference scheduled on January 9. Further, Plaintiff has demonstrated his ability to compile material facts and convey his claims to the Court, as his "properly filed submissions have been presented with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014); *see also Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] . . . that [the] plaintiff is capable of presenting his positions clearly"). For example, Plaintiff independently filed responses to both Orange County's and Vasta's Motions To Dismiss, (*see* Dkt. Nos. 30, 51), and timely informed the Court that he did not intend to file an Amended Complaint, (*see* Dkt. No. 61).

Although Plaintiff is litigating his claims against trained lawyers, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)).

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-0028, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's claim is largely based on the retelling of events that happened in his presence, and "do[es] not appear to require outside

investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman*, 1999 WL 199068, at *1.

Finally, although the Court acknowledges that Plaintiff has generally described his efforts to obtain counsel, (*see* Application 2), this factor alone does not outweigh the additional *Hodge* factors discussed above. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's "search was certainly not an exhaustive one").

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Should circumstances materially change, Plaintiff may renew this request at a later date.

The Clerk is respectfully directed to terminate the pending motion, (*see* Dkt. No. 64), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: December 11, 2019
 White Plains, New York

KENNETH M. KARAS
United States District Judge